# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
## Springfield Division

| | |
|---|---|
| KATHLEEN A. HAGAN, JOSEPH V. PRIETO, RICHARD A. PETERSON, PETER AKEMANN, and GILBERTO GALICIA, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK J. QUINN, Governor of Illinois, MITCH WEISZ Chairman of the Illinois Workers' Compensation Commission, MARIO BASURTO, KEVIN LAMBORN, YOLAINE DAUPHIN, NANCY LINDSAY, JAMES DEMUNNO, MOLLY MASON, DAN DONOHOO, THOMAS TYRRELL, and DAVID GORE, Commissioners of the Illinois Workers' Compensation Commission <br><br> Defendants. | No.: <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiffs, KATHLEEN A. HAGAN, JOSEPH V. PRIETO, RICHARD A. PETERSON, PETER AKEMANN , and GILBERTO GALICIA., by Carl R. Draper of Feldman, Wasser, Draper & Cox for their Complaint against Defendants, PATRICK J. QUINN, MITCH WEISZ, MARIO BASURTO, KEVIN LAMBORN, YOLAINE DAUPHIN, NANCY LINDSAY, JAMES DEMUNNO, MOLLY MASON, DAN DONOHOO, THOMAS TYRRELL, and DAVID GORE, they state as follows:

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

**PARTIES**

1.  Plaintiffs, Kathleen A. Hagan, Joseph V. Prieto, Richard A. Peterson, Peter Akemann, and Gilberto Galicia, are residents of Illinois and, each is a duly appointed and qualified Arbitrator on the Illinois Workers' Compensation Commission.

2.  Defendant, Patrick J. Quinn is the Governor of the State of Illinois. He is sued in his official capacity for the matters concerning injunctive and declaratory relief and is sued in his individual capacity for matters concerning the compensatory damages in this cause.

3.  Defendants Mario Basurto, Kevin Lamborn, Yolaine Dauphin, Nancy Lindsay, James DeMunno, Molly Mason, Dan Donohoo, Thomas Tyrrell, David Gore, are Commissioners of the Workers' Compensation Commission. Defendant Mitch Weisz is the appointed Chairman of the Workers' Compensation Commission (hereinafter, "the Commission"). They are sued in their official capacities for the matters concerning injunctive and declaratory relief and are sued in their individual capacities for matters concerning the compensatory damages in this cause.

**JURISDICTION**

4.  This court has original jurisdiction of this civil action in that the claims of this Complaint arise under the Constitution and laws of the United States. 28 U.S.C.§ 1331 and 1343.

5.  The Constitution of the United States provides in relevant part as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom

*FELDMAN, WASSER*
*DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

2

> of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

Constitution of the United States, Amendment I. It further provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Constitution of the United States, Amendment XIV, Section 1.

6. At all times relevant to the matters stated in this Complaint, there was in force and effect a federal law known as the Civil Rights Act of 1871 which provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983

**VENUE**

7. Venue is proper in this court in that the Central District of Illinois is the judicial district where all Defendants conduct official business and in which all of the employment transactions at issue are maintained. 28 UCS § 1391(b).

**STATEMENT OF COMMON FACTS**

8. Kathleen A. Hagan was appointed to the position of Arbitrator effective in July 1989. Her appointment, in accordance with State law at that time had no set

termination date and she served under the protections of the Illinois Personnel Code which included protection that she could only be removed for just cause.

9. Joseph V. Prieto was appointed to the position of Arbitrator effective in September 1990 and reappointed to six-year terms in 1996, 2002, and 2008 to a term that continues through September 2014.

10. Richard A. Peterson was appointed to the position of Arbitrator effective in September 2003 and reappointed with a second six-year term in 2009 to a term that continues though September 2015.

11. Peter Akemann was appointed to the position of Arbitrator effective in December 1994 and reappointed to six-year terms in 2000, and 2006 to a term that continues through December 2012.

12. Gilberto Galicia was appointed to the position of Arbitrator effective in July 1989. His appointment, in accordance with State law at that time had no set termination date and he served under the protections of the Illinois Personnel Code which included protection that he could only be removed for just cause.

13. The power to appoint Arbitrators is established in the Worker's Compensation Act. The Workers' Compensation Act has at all times since before 1980 included the paragraph set forth below:

> All Arbitrators shall be subject to the provisions of the Personnel Code, and the performance of all Arbitrators shall be reviewed by the Chairman on an annual basis. The Chairman shall allow input from the Commissioners in all such reviews.

820 ILCS 305/14 (formerly, Ill.Rev.Stat. ch. 48, par. 138.14)

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

4

14. At all times on and after July 20, 2005, the Workers' Compensation Act further provided for specific re-appointment procedures for those Arbitrators with set terms of office, as follows:

> Each arbitrator appointed after the effective date of this amendatory Act of 1989 shall be appointed for a term of 6 years. Each arbitrator shall be appointed for a subsequent term unless the Chairman makes a recommendation to the Commission, no later than 60 days prior to the expiration of the term, not to reappoint the arbitrator. Notice of such a recommendation shall also be given to the arbitrator no later than 60 days prior to the expiration of the term. Upon such recommendation by the Chairman, the arbitrator shall be appointed for a subsequent term unless 8 of 10 members of the Commission, including the Chairman, vote not to reappoint the arbitrator.

820 ILCS 305/14 (as amended by P.A. 94-277).

15. By virtue of the foregoing provisions of the Act and of the Personnel Code, the Plaintiffs have protected property interests in their employment as Arbitrators.

16. On June 28, 2011, defendant Patrick J. Quinn signed into law H.B.1698 effective immediately on that date on as Public Act 97 – 0018. A true and correct copy of the relevant portions of that Act are attached hereto as Exhibit A.

17. Defendant Quinn further issued a press release concerning the removal of Plaintiffs from their offices, a true and correct copy of which is attached hereto as Exhibit B. As stated in this press release, he intends to enforce those provisions of the law that terminate the employment of the Plaintiffs. As noted in the press release the changes in the terms of employment is characterized as "reforms [that] will tackle the problems of the Workers' Compensation Commission."

*FELDMAN, WASSER*
*DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

5

18. The press release clearly impugns the reputations of the plaintiffs as Arbitrators and impairs their ability to continue in their professions.

19. Plaintiffs have not committed any acts or omissions that constitute incompetence, neglect of duty, or malfeasance in office, nor of any act or omission that would constitute cause for discipline.

20. Plaintiffs have not been given any notice of any charges that would constitute legal cause for terminating their employment.

21. The defendants did not provide any pre-termination hearing prior to terminating the terms of employment for the Plaintiffs nor any opportunity for hearing of any kind.

22. Illinois law in P.A. 97 – 0018 fails to provide for any notice and opportunity for a hearing prior to the termination of their terms of office.

23. The actions of Defendant Patrick J. Quinn constitute an arbitrary and capricious act allowing him to take the protected property rights of plaintiffs without due process.

## COUNT I
## PROPERTY INTEREST - DUE PROCESS

1 – 23. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 – 23 as paragraphs 1 – 23 of Count I.

24. As a consequence of one or more of the foregoing acts of the defendants, Plaintiffs have lost their property interest in their offices as Arbitrators of the Illinois Workers' Compensation Commission without due process of law.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

6

25. As a direct consequence of the foregoing wrongful conduct of the defendant, Plaintiffs will be damaged by the loss of their employment, together with the compensation, and value of benefits and pension.

26. This court should enter an injunction prohibiting the defendant from wrongfully removing Plaintiffs from office in a manner deprives the Plaintiffs of their property interest without due process of law.

WHEREFORE, Plaintiffs Kathleen A. Hagan *et al.* respectfully pray that this court will grant them a preliminary and permanent injunction prohibiting Defendants from removing Plaintiffs from their office or from appointing any other person to that term of office, or from taking any other action in retaliation for the Plaintiffs's protection of their civil rights in this cause. Plaintiffs also respectfully pray that judgment be entered for them and against the Defendants for compensatory damages of not less than $500,000.00 for compensation for the deprivation of their civil rights in this cause. Further, pursuant to 42 U.S.C. § 1988, Plaintiffs respectfully pray that the court award to their reasonable attorney's fees and costs incurred in this cause, and for such other relief as this court deems just.

## COUNT II
## LIBERTY INTEREST - DUE PROCESS

1 – 23. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 – 23 as paragraphs 1 – 23 of Count II. [paragraphs 24 – 26 not repeated]

27. The comments made by the defendant Quinn in his press release are injurious to the reputation and good name of the plaintiffs occurring concurrently with

the defendant's attempt to remove plaintiffs from their positions as Arbitrators. As a consequence thereof, the conduct of the defendant has implicated a liberty interest of the plaintiffs.

28. The press release further identifies as a "reform" that is needed, "strict performance evaluations," as a part of the process of determining who will be appointed to the new terms. The current Act requires the Commission Chairman to provide annual evaluations to each Arbitrator ( 820 ILCS 305/14) but for over 8 – 10 years or longer, the Chairman of the Commission has failed and refused to provide such evaluations. The effect of the lack of evaluations given in accordance with the press announcement harmed the careers and reputations of the plaintiffs by casting them into false implied allegations that their performance was inadequate.

29. In addition, the defendant Commissioners of the Workers' Compensation Commission have posted on the Commissions web site notice that the positions of Arbitrator will be appointed by the Governor and invites new applications while stating further that all existing Arbitrators must apply if they wish to be appointed. The clear implication from this is the probability that plaintiffs will be replaced as a part of this process. A copy of the web page is attached hereto as Exhibit C.

30. As a consequence of one or more of the foregoing acts of the defendant Quinn, plaintiffs have lost their liberty interests in their offices as Arbitrators of the Illinois Workers' Compensation Commission without due process of law.

31. As a direct consequence of the foregoing wrongful conduct of defendants, plaintiffs have been damaged by the damage to their reputations together with the loss

*FELDMAN, WASSER*
*DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

8

of their employment, together with the compensation, and value of benefits of their positions as Arbitrators.

32.   This court should enter an injunction prohibiting the defendant Quinn from wrongfully removing plaintiffs from office or appointing any person to the positions held by Plaintiffs.

WHEREFORE, Plaintiffs respectfully pray that this court will grant them a preliminary and permanent injunction prohibiting Defendant Patrick J. Quinn from removing Plaintiffs from office or from appointing any other person to their terms of office, or from taking any other action in retaliation for the Plaintiffs' protection of their civil rights in this cause. Plaintiffs also respectfully prays that judgment be entered for them and against the Defendant, Patrick J. Quinn for damages of not less than $500,000.00 for compensation for the deprivation of her civil rights in this cause. Further, pursuant to 42 U.S.C. § 1988, Plaintiffs respectfully pray that the court award to them their reasonable attorneys' fees and costs incurred in this cause, and for such other relief as this court deems just.

## COUNT III
## INJUNCTIVE AND DECLARATORY RELIEF

1 – 32   Plaintiffs repeats and re-alleges the allegations of paragraphs 1 – 32 as paragraphs 1 – 32 of Count III.

33.   P.A. 97 – 0018 , in so far as it purports to terminate the employment of plaintiffs from their positions as Arbitrators is an unconstitutional deprivation of property without due process of law.

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

9

34. This court should declare that P.A. 97 – 0018 is unconstitutional as to these Plaintiffs and should enter a permanent injunction prohibiting the defendants from enforcing P.A. 97 – 0018 as to these Plaintiffs.

WHEREFORE, Plaintiffs Kathleen A. Hagan *et al.* respectfully prays that this court will grant their a preliminary and permanent injunction prohibiting Defendants from removing Plaintiffs from their offices or from appointing any other person to that term of office, or from taking any other action in retaliation for the Plaintiffs' protection of their civil rights in this cause. Further, pursuant to 42 U.S.C. § 1988, Plaintiffs respectfully prays that the court award to them their reasonable attorney's fees and costs incurred in this cause, and for such other relief as this court deems just.

PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY ON THE MONETARY DAMAGE CLAIMS

    KATHLEEN A. HAGAN,  JOSEPH V. PRIETO,
    RICHARD A. PETERSON, PETER AKEMANN,
    and GILBERTO GALICIA,
                                                     Plaintiffs

By:   /s Carl R. Draper
Carl R. Draper, Bar Number 03128847
Attorney for Steve Whitlow, *et al*, Plaintiffs
Feldman, Wasser, Draper & Cox
1307 S. Seventh Street, P.O. Box 2418
Springfield, IL 62705
Telephone: (217) 544-3403
Fax: (217) 544-1593
e-mail: cdraper@feldman-wasser.com

*FELDMAN, WASSER DRAPER & COX*
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403