UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| KATHLEEN A. HAGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 11-CV-3213 |
| ) | |
| PATRICK J. QUINN, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION

On July 12, 2011, Plaintiffs Kathleen A. Hagan, Joseph V. Prieto, Richard A. Peterson, Peter Akemann, and Gilberto Galicia filed their Complaint (#1), alleging that Defendants violated their due process rights when they were terminated from their jobs as arbitrators with the Illinois Workers' Compensation Commission. Defendants filed a Motion for Summary Judgment (#52) on May 30, 2014. Plaintiffs' Response (#56) was filed on June 23, 2014. On June 25, 2014, Defendants filed their Reply (#57). This court has carefully and thoroughly reviewed of the arguments and documents submitted by the parties. For the following reasons, Defendants' Motion for Summary Judgment (#52) is GRANTED.

BACKGROUND

Plaintiffs worked as arbitrators for the Illinois Workers' Compensation Commission (Commission). On June 28, 2011, Governor Patrick J. Quinn signed H.B. 1698, Public Act 97-18 (P.A. 97-18), into law. P.A. 97-18 stated that all current arbitrators' terms would end on July 1, 2011. 820 ILCS 305/14 (West 2011). It further reduced the terms of arbitrators from six to three years and mandated that new arbitrators be licensed attorneys. *Id*. On the same day that he signed the bill, Governor Quinn's office issued a press release: "Governor Quinn Signs Historic

Overhaul fo Illinois' Workers' Compensation System." None of the Plaintiffs were named in the press release.

On July 12, 2011, Plaintiffs filed their Complaint (#1) with this court. The complaint alleged that Plaintiffs had a property interest in their positions as arbitrators and that the passage of P.A. 97-18, which ended all arbitrators' terms on July 1, 2011, resulted in the loss of that interest. Plaintiffs alleged that Defendants actions, in passing the law, deprived them of a property interest without due process of law. The complaint also alleged that the press release issued by Governor Quinn was injurious to their reputation and good name, thus implicating a liberty interest. Plaintiffs then asked that this court grant injunctive and declaratory relief based on Defendants' unconstitutional deprivation of their property interest without due process of law.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants filed their Motion for Summary Judgment (#52) on May 30, 2014. The motion argued that Defendants were entitled to summary judgment on all of Plaintiffs' claims. With respect to the property interest claim, Defendants argued that the legislative process provided all the process that was due. Defendants further argued that Plaintiffs' liberty interest claim failed to state a cause of action. In the alternative to the above arguments, Defendants claimed that they were entitled to legislative and qualified immunity.

On June 23, 2014, Plaintiffs filed their Response (#56) to Defendants' Motion for Summary Judgment. In the response, Plaintiffs conceded that there were no disputed material facts. They also acknowledged that their liberty interest claim should be dismissed. The remainder of the response was primarily devoted to an argument that Governor Quinn was not entitled to legislative immunity. Plaintiffs' response contained less than one page of argument

addressing their claim that they were deprived of a property interest without due process of law. Their only argument was that a property interest had been created by statute and was eliminated without the opportunity for any hearing. To support their position, Plaintiffs cited to only one case, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

Defendants Reply (#57) was filed on June 25, 2014. The reply noted Plaintiffs' concession that the liberty interest claim should be dismissed. Defendants also noted that the only issue that remained was whether Plaintiffs' due process rights were violated when the legislature extinguished the property rights to their positions and, if so, whether Defendants are protected by legislative or qualified immunity.

ANALYSIS

Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences which are only supported by speculation or conjecture. See *Singer*, 593 F.3d at 533. In addition, this court "need not accept

as true a plaintiff's *characterization* of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. 2010) (emphasis in original).

### A. Liberty Interest Claim

Plaintiffs' complaint alleges that a press release by Governor Quinn deprived them of a liberty interest without due process of law. However, in their Response (#56) to Defendant's Motion for Summary Judgment, Plaintiffs concede that their liberty interest claim should be dismissed. This court agrees with both parties, and concludes that Defendants are entitled to Summary Judgment on Plaintiffs' liberty interest claim. See *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1349 (7th Cir. 1995) (not even a direct claim of incompetence is enough to impinge a liberty interest); *Dibble v. Quinn*, 2014 WL 2061272 (S.D.Ill. 2014) (rejecting an identical challenge by another arbitrator). Therefore, Plaintiffs' liberty interest claim is dismissed.

### B. Property Interest Claim

Plaintiffs also allege a deprivation of a property interest without due process of law. Specifically, Plaintiffs assert that they had a protected property interest in their continued employment as arbitrators for the Commission and the enactment of P.A. 97-18 deprived them of that interest.

Both parties agree that Plaintiffs had a property interest in their jobs prior to the enactment of P.A. 97-18. That property interest, however, was subject to change based on state law. See *Cole v. Milwaukee Area Technical College Dist.*, 634 F.3d 901, 904 (7th Cir. 2011) (property interests are not created by the Constitution, but rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source

4

such as state law). By passing P.A. 97-18, the Illinois General Assembly exercised its power to change the duration of arbitrators' appointments. See *Grobsmith v. Kempiners*, 88 Ill. 2d 399, 404 (Ill. 1981) (in Illinois, "[i]t is well established that civil service status is not a vested right, that having been created by the General Assembly, it is wholly within its control and subject to change by legislative action"). There is no question that the Illinois General Assembly was vested with the power to terminate Plaintiffs' terms as arbitrators. See *Grobsmith*, 88 Ill. 2d at 404 (there is "no constitutional impediment to the power of the General Assembly to change the duration of the term of the appointment or the method of fixing the time when presently existing terms would terminate"). However, there is also no question that the passage of P.A. 97-18 extinguished any property interest Plaintiffs had in their jobs prior to July 1, 2011. See *Dibble*, 2014 WL 2061272 at *3.

Plaintiffs argue that their property interest was terminated without due process of law. Defendants argue that the legislative determination was sufficient process. This court agrees with Defendants. It is well settled that when a legislatively created property interest, such as the one at issue in this case, is altered or eliminated through a legislative act, the "legislative determination provides all the process that is due." *Atkins v. Parker*, 472 U.S. 115, 130 (1985). Importantly, the only authority Plaintiffs cite (*Loudermill*, 470 U.S. 532) does not deal with a loss of a property interest through a legislative act. Further, Plaintiffs have not offered any reason why this court should not follow the general rule found in *Atkins* or offered any evidence to infer that the legislative process was in any way deficient. Therefore, this court concludes that the legislative determination to pass P.A. 97-18 was all the process due to the Plaintiffs. As such, Plaintiffs were not deprived a property interest without due process of law and summary

5

judgment in favor of Defendants is warranted. Plaintiffs' property interest claim is dismissed.

### C. Injunctive and Declaratory Relief

Having found that Defendants' actions did not result in the unconstitutional deprivation of Plaintiffs' property rights without due process, Plaintiffs' claim for injunctive and declaratory relief is dismissed.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Summary Judgment (#52) is GRANTED. Judgment is entered in favor of Defendants and against Plaintiffs.

(2) This case is terminated.

ENTERED this 7th day of July, 2014

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE